UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAD GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15 CV 1845 CDP |
| | ) |
| ST. LOUIS CITY POLICE CHIEF, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff moves to remand this action to state court on the ground that all defendants have not properly consented to removal. Defendants Dewight Meeks, Steven Wilson, Lori Rebholz, and Larry Dampier ("removing defendants") timely removed this case on December 11, 2015, within 30 days of defense counsel Robert Isaacson agreeing to accept service of process on their behalf. Defendants allege this Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331. In their Notice of Removal, removing defendants state that the remaining served defendants – Samuel Dotson, Francis Slay, Thomas Irwin, Bettye Battle-Turner, and Erwin Switzer – consent to removal. All served defendants are represented by defense counsel Robert Isaacson, who signed and filed the Notice of Removal. One defendant, Matthew Watson, has yet to be served in this case.

Although all served defendants in fact consent to removal of this case, plaintiff nevertheless argues that this case should be remanded because "no actual consent of each and every defendant who are not the removing defendants [has] been filed to date and the thirty day period starting from November 23, 2015, being the date that defendants' counsel received service on behalf of removing defendants has expired therefore removal is defective and not timely."

Plaintiff's motion will be denied. "[R]emoval based on a federal question requires the unanimous consent of all defendants." *Griffioen v. Cedar Rapids and Iowa City Railway Co.*, 785 F.3d 1182, 1186 (8th Cir. 2015) (internal citation omitted). To meet the consent requirement, "there must be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." *Id.* (internal quotation marks and citation omitted). The removing defendant may properly give notice of a codefendant's consent provided the removing defendant has the authority to indicate consent on a codefendant's behalf and the notice of removal is timely. *Id.* Here, the removing defendants indicated that their codefendants consented to removal by filing a Notice of Removal which was also signed and filed by counsel for the consenting defendants. As the Notice of Removal unequivocally indicates that all served defendants have consented to removal by and through their attorney, all served

defendants *in fact* consent to removal, and removal is otherwise timely, the motion for remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [15] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2016.