UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHAD GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15 CV 1845 CDP |
| | ) |
| SAM DOTSON, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

In this removed case, plaintiff brings 42 U.S.C. § 1983 and state law claims against police officers and members of the St. Louis Board of Police Commissioners (defendants Dotson, Slay, Irwin, Battle-Turner, Gray, and Switzer) arising out of his arrest on June 15, 2013. Plaintiff alleges that the defendant police officers handcuffed him and then beat him up, using excessive force and causing extensive injuries. Count VI of the first amended complaint alleges state law claims for assault and battery against the police officers in their official and individual capacities. Count VII alleges state law claims for assault and battery against the Police Board defendants – Dotson, Slay, Irwin, Battle-Turner, Gray, and Switzer – who are sued in their official capacities only. Count VIII alleges a false imprisonment claim against the police officers in their official capacities only.

The Police Board defendants move for dismissal of the assault and battery claims (Count VII) asserted against them, as well as the *official capacity only* tort claims alleged against the police officers in Counts VI and VIII. Contrary to plaintiff's argument, defendants do not move for dismissal of the assault and battery claims asserted against the police officers in their *individual* capacities in Count VI. The motion to dismiss will be granted as sovereign immunity bars these claims.

Under Mo. Rev. Stat. § 537.600, public entities enjoy sovereign tort immunity, unless the immunity is waived, abrogated, or modified by statute. *Eden v. Vaughan*, 4:15CV212 ERW, 2015 WL 1530667, at *6 (E.D. Mo. Apr. 6, 2015) (quoting *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. Ct. App. 2009)). The Police Board is entitled to sovereign immunity under § 537.600. *Green v. Missouri*, 734 F. Supp. 2d 814, 846-47 (E. D. Mo. 2010). "A suit against a government employee in her official capacity is equivalent to a suit against the government entity itself, and sovereign immunity therefore also applies with equal force in the context of official capacity claims." *Fischer v. Steward*, 4:07CV1798 ERW, 2010 WL 147865, at *11 (E.D. Mo. Jan. 11, 2010) (citing *Betts-Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002)). Because a suit against Police Board members in their official capacities constitutes a suit against the Police Board itself, plaintiff's state law assault and battery claims brought against

defendants Dotson, Slay, Irwin, Battle-Turner, Gray, and Switzer in Count VII are barred by sovereign immunity. *See Eden*, 2015 WL 1530667, at *6-*7. The same is true of the naming of the police officers in their official capacities in Counts VI and VIII of the amended complaint. *Id.* Therefore, sovereign immunity also bars the state law claims asserted against the police officers in their *official* capacities contained in Counts VI and VIII of the amended complaint. The individual capacity claims asserted against the police officers in Count VI of the amended complaint are not subject to dismissal on sovereign immunity grounds and remain pending.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss [8] is granted, and Counts VII and VIII and the *official capacity only* claims alleged in Count VI are dismissed.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2016.

---

[1] The statutory automobile exception to sovereign immunity does not apply here as it only applies to negligent acts or omissions arising out of the use of an automobile, not to intentional torts such as assault, battery, and false imprisonment. Mo. Rev. Stat. § 537.600.